Slip Op. 17-77

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SHANDONG DONGFANG BAYLEY WOOD CO., LTD.,** <br><br> Plaintiff, <br> v. <br><br> **UNITED STATES**, <br><br> Defendant. | **Before: Timothy C. Stanceu, Chief Judge** <br><br> **Court No. 17-00094** |

**OPINION**

[Dismissing the action for lack of subject matter jurisdiction]

Dated: July 3, 2017

*Gregory S. Menegaz*, deKieffer & Horgan, PLLC, of Washington, D.C., for plaintiff. With him on the brief were Alexandra H. Salzman, J. Kevin Horgan, John J. Kenkel, and Judith L. Holdsworth.

*Tara K. Hogan,* Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With her on the brief were *Chad A. Readler*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director. Of counsel on the brief was *Jessica R. DiPietro*, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Stanceu, Chief Judge: Plaintiff Shandong Dongfang Bayley Wood Co., Ltd. ("Bayley") initiated this action on May 2, 2017, seeking certain declaratory and equitable relief following the publication of the preliminary results of a countervailing duty investigation. Compl. (May 2, 2017), ECF No. 2. Plaintiff seeks a writ of mandamus to compel the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") to take certain actions, including considering a questionnaire response submitted by Bayley, conducting a verification of Bayley, and assigning Bayley a lower cash deposit rate. Pl. Dongfang Bayley

Wood Co., Ltd. Petition for Writ of Mandamus (May 2, 2017), ECF No. 7 ("Pl.'s Mandamus Petition"). Plaintiff also moves for expedited consideration of its petition for a writ of mandamus. Pl.'s Mot. for Expedited Consideration of Application for Writ of Mandamus and for an Order to Show Cause why the Court Should Not Shorten the Time for Def.'s Resp. Thereto (May 2, 2017), ECF No. 8. In that motion, plaintiff urges the court to limit to 14 days the period (normally, 30 days) within which defendant may respond to its petition. *Id.* at 2. On May 24, 2017, defendant moved to dismiss for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss and Resp. in Opp. to Pl.'s Application for Writ of Mandamus (May 24, 2017), ECF No. 17 ("Def.'s Mot. to Dismiss"). Bayley responded to the motion to dismiss on June 1, 2017. Pl.'s Resp. to Def.'s Mot. to Dismiss and Reply in Supp. of its Application for a Writ of Mandamus (June 1, 2017), ECF No. 19 ("Pl.'s Resp."). Defendant replied on June 20, 2017. Def.'s Reply to Pl.'s Resp. in Opp. to Mot. to Dismiss (June 20, 2017), ECF No. 24. On June 22, 2017, plaintiff filed a letter to "inform[] the Court of developments subsequent to the filing of its briefs" (the "Letter"). Letter Pertaining to Events Subsequent to Briefing in Underlying Administrative Proceedings 1 (June 22, 2017), ECF No. 25 ("Pl.'s Letter").

Because it lacks subject matter jurisdiction, the court must dismiss this action.

## I. BACKGROUND

Commerce published notice of its initiation of a countervailing duty ("CVD") investigation of certain hardwood plywood products from the People's Republic of China ("China" or the "PRC") in late 2016 for the period of January 1 through December 31, 2015 ("period of investigation" or "POI"). *Certain Hardwood Plywood Products From the People's Republic of China: Initiation of Countervailing Duty Investigation*, 81 Fed. Reg. 91,131, 91,132 (Int'l Trade Admin. Dec. 16, 2016). Along with Linyi Sanfortune Wood Co., Ltd. ("Sanfortune"), Commerce identified Bayley as one of two "mandatory" respondents, i.e.,

respondents that it would investigate individually, concluding that these two Chinese producers/exporters "accounted for the largest volume of exports of the merchandise under consideration during the POI." *Decision Mem. for the Prelim. Affirmative Determination: Countervailing Duty Investigation of Certain Hardwood Plywood Products from the People's Republic of China*, C-570-052, at 2 (Int'l Trade Admin. Apr. 17, 2017) available at http://enforcement.trade.gov/frn/summary/prc/2017-08328-1.pdf (last visited June 19, 2017) (*"Prelim. Decision. Mem."*).

Commerce published the preliminary results of the CVD investigation ("Preliminary Results") on April 25, 2017. *Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Critical Circumstances Determination, in Part, and Alignment of Final Determination With Final Antidumping Duty Investigation*, 82 Fed. Reg. 19,022 (Int'l Trade Admin. Apr. 25, 2017). Commerce preliminarily assigned Bayley a countervailable subsidy rate of 111.09%. *Id.* at 19,023. Commerce did not assign this rate based on a review of countervailable subsidies provided to Bayley but instead relied upon its authority under section 776 of the Tariff Act of 1930 ("Tariff Act") to use an inference that is adverse to a non-cooperating party when selecting from among "facts otherwise available." *See* 19 U.S.C. § 1677e(a), (b). Plaintiff initiated this action following the publication of the Preliminary Results.

## II. Discussion

In reaching the Preliminary Results, Commerce found that Bayley withheld necessary information that Commerce requested, failed to provide information within established deadlines, and significantly impeded this proceeding by not fully disclosing its affiliation with certain specified other entities. *Prelim. Decision Mem.* 24-31. Bayley raises several claims in its complaint, all of which stem from these findings.

In Count I, Bayley alleges that Commerce acted contrary to law in rejecting a questionnaire response submitted by Bayley and an affiliate. Compl. ¶ 33. Plaintiff claims, in Count II, that Commerce "unlawfully applied total adverse facts" in response to an allegation by the petitioner in the investigation "of a 'control' relationship between Bayley and a U.S. customer without issuing a *single* supplemental questionnaire to Bayley on the subject, contrary to 19 U.S.C. § 1677m(d), which requires the Department to identify deficiencies and provide a respondent the opportunity to cure deficiencies." *Id.* at ¶ 35. In Count III, Bayley claims that "[t]he Department's preliminary adverse findings, and certainly its pronouncements that the decisions were final, were inappropriate and arbitrary and capricious," alleging, *inter alia*, that Bayley fully complied with the Department's instructions and that Commerce improperly failed to investigate claims that would have benefitted Bayley. *Id.* at ¶ 37. Finally, in Count IV plaintiff claims that Commerce unlawfully refused to conduct a verification of Bayley although conducting a verification of the other mandatory respondent. *Id.* at ¶ 39.

In section 516A of the Tariff Act, Congress specifically has provided for the judicial review in the U.S. Court of International Trade of certain determinations issued under the antidumping duty ("AD") and countervailing duty laws. *See* 19 U.S.C. § 1516a(a). A preliminary affirmative countervailing duty determination is not among those reviewable determinations, although review in this Court of a *final* affirmative countervailing duty determination is expressly authorized. *See* 19 U.S.C. § 1516a(a)(2)(B) (making reviewable "[f]inal affirmative determinations by the administering authority . . . under section 1671d . . . of this title"). Should Commerce reach a final affirmative countervailing duty determination in the ongoing investigation, Bayley will have the opportunity to contest that determination upon publication and, specifically, the opportunity to assert the claims it includes in its complaint.

This Court potentially would have subject matter jurisdiction of such an action according to 28 U.S.C. § 1581(c).

Bayley asserts jurisdiction under this Court's "residual" jurisdiction provision, 28 U.S.C. § 1581(i). Compl. ¶ 3. Resort to this jurisdictional provision is available only if the remedy potentially available in an action brought according to 28 U.S.C. § 1581(c) would be "manifestly inadequate." *NEC Corp. v. United States*, 151 F.3d 1361, 1368 (Fed. Cir. 1998) (quoting *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987)).

"It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936). Bayley, therefore, bears the burden of demonstrating the manifest inadequacy of its remedy under 19 U.S.C. § 1516a(a)(2)(B) and 28 U.S.C. § 1581(c). This it has failed to do.

Bayley states in its complaint that the current due date for issuance of the final determination is August 30, 2017 and that Commerce may extend this deadline to November 5, 2017. Compl. ¶ 11. In the concluding paragraph, the complaint alleges that "[u]nless corrected by the timely intervention of this Court, the Department's refusal to verify will significantly impair Bayley's ability to meaningfully participate in the countervailing duty investigation with respect to the issue of its affiliations, in violation of the express procedural protections afforded it under the countervailing duty statute." *Id.* at 15. Although maintaining that "[t]his Court has jurisdiction by reason of 28 U.S.C. § 1581(i)(2) and (4)," *id.* ¶ 3, plaintiff alleges in its complaint no facts from which the court may conclude that the remedy available upon its contesting a final affirmative CVD determination (if there is one in the administrative proceeding) is manifestly inadequate.

Bayley makes certain allegations in its petition for mandamus, in its motion to expedite, and in its reply to the motion to dismiss, that bear generally on the question of whether the

Case 1:17-cv-00094-TCS    Document 26    Filed 07/03/17    Page 6 of 8

Court No. 17-00094                                                                                        Page 6

remedy available under 19 U.S.C. § 1516a(a) is manifestly inadequate. These allegations are, generally, that the 111.09% cash deposit rate is causing it competitive harm by preventing it from exporting. *See*, e.g., Pl.'s Mandamus Petition 19 ("Bayley will suffer tens of millions of dollars in lost sales, commencing immediately, as a result of the Department's failure to fulfill its clear investigatory duties."); Pl.'s Resp. 15 (stating that the rate "is 100 margin points higher than the entire Chinese industry" and that "Bayley is missing out on millions of dollars' worth of sales now"). These arguments fail to suffice, not only because they are not grounded in factual allegations made in the complaint, but also because, even had they been, they would be insufficient to demonstrate the inadequacy of the judicial review mechanism Congress provided in 19 U.S.C. § 1516a(a)(2)(B) and 28 U.S.C. § 1581(c).

Bayley has not shown that the court's entertaining the objections Bayley raises now is the only means by which it may pursue an adequate remedy, i.e., one that will allow Bayley a meaningful opportunity to demonstrate an entitlement to a different rate, and fails even to demonstrate that the jurisdictional path it advocates necessarily would be superior to the judicial review mechanism Congress explicitly provided. In this case, Commerce has not completed the investigation but, according to Bayley's own complaint, will do so later this year. Nevertheless, Bayley seeks remedies that would require the court, based on the incomplete administrative record made to date, to delve into the merits of a determination that is not yet final, including "[s]etting Bayley's provisional measures rate at 9.89%, the rate for 'all others,' pending further investigation" and "[g]ranting Plaintiff such other relief as the Court may deem appropriate to ensure that the Department considers the remainder of this investigation in accordance with law and an open mind." Compl. 14. As defendant points out, Congress intended for a preliminary affirmative CVD determination to be "reviewable, if at all, only in connection with the review of the final determination." Def.'s Mot. to Dismiss 8 (quoting H.R. Rep. No. 96-1235,

at 48 (1980), *reprinted in* 1980 U.S.C.C.A.N. 3729, 3760).  Bayley argues, further, that "Bayley's importers will also suffer millions in economic harm by reason of the Department's instructions to collect 111% CVD duties retroactively from them for 90 days prior to April 25, 2017" but makes no argument that this is imminent harm to *Bayley* showing that the ordinary means of obtaining judicial review of a Commerce determination will be inadequate in the circumstances of this litigation.  Pl.'s Mandamus Petition 19.

Finally, nothing in plaintiff's June 22, 2017 Letter changes the foregoing analysis as to jurisdiction.  In the Letter, plaintiff makes a number of allegations concerning the countervailing duty investigation and the Department's parallel antidumping duty investigation.  Pl.'s Letter.  Plaintiff alleges that Commerce has failed to issue it certain questionnaires, *see* Pl.'s Letter 1 ("the Department has not issued any supplemental questionnaires to Bayley subsequent to its Preliminary Determination"), and plaintiff concludes that this failure "further demonstrat[es] that the Department has effectively finished its investigation of Bayley and made a final decision in the Preliminary Determination."  Pl.'s Letter 2.  Commerce does not make a "final decision" in a preliminary determination; it makes a *preliminary* determination.  *See*, e.g., 19 C.F.R. § 351.205(a) ("Whether the Secretary's preliminary determination is affirmative or negative, *the investigation continues*." (emphasis added)).  Plaintiff posits that the final determination will contain a certain result, but the countervailing duty investigation is not yet complete and the final determination is still pending.

In its Letter, Bayley also objects to actions Commerce is alleged to have taken in the AD investigation that, as to Bayley, are similar or equivalent to those it took in the CVD investigation.  Bayley concedes, however, that the AD investigation is ongoing, Commerce having only recently issued a preliminary determination therein.  Pl.'s Letter 2 ("On June 16, 2017, the Department made its Preliminary Determination in the related Antidumping

Duty investigation of Hardwood Plywood from China."). Bayley argues that Commerce "will not verify Bayley in either the AD or CVD investigation without an order from this Court." *Id.* at 5. Plaintiff asserts that "[c]ounsel to Bayley has been contacted by the Department to schedule verification for the other respondents starting as early as the middle of July" and that "[t]hus, immediate action by this Court is even more pressing and necessary." *Id.* Judicial review of an affirmative final AD determination, if there is one, will also be potentially available to Bayley. Plaintiff's allegations in the Letter, which fail to demonstrate that the remedy available under this jurisdictional path would be inadequate, do not suffice to allow the court to exercise jurisdiction according to 28 U.S.C. § 1581(i).

### III. CONCLUSION

Because plaintiff has failed to meet its burden of demonstrating that the remedy potentially available to it under 19 U.S.C. § 1516a(a)(2)(B) and 28 U.S.C. § 1581(c) is manifestly inadequate, this action must be dismissed for lack of subject matter jurisdiction. Judgment will enter accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: July 3, 2017
       New York, New York